UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DEIRDRE M. BROOKS,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>　　　　　　　Defendant. | CASE NO. 13-cv-05797 JRC<br><br>ORDER ON PLAINTIFF'S COMPLAINT |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, ECF No. 5; Consent to Proceed Before a United States Magistrate Judge, ECF No. 6). This matter has been fully briefed (*see* ECF Nos. 19, 20, 21).

After considering and reviewing the record, the Court finds that the ALJ committed harmful legal error by failing to consider the significant probative evidence of

plaintiff's extreme obesity. Because plaintiff's obesity is extreme and because the ALJ failed to analyze how plaintiff's obesity affected her ability to work, the ALJ's step five finding and his finding regarding plaintiff's residual functional capacity are not based on substantial evidence in the record as a whole.

Therefore, this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further administrative consideration.

## BACKGROUND

Plaintiff, DEIRDRE M. BROOKS, was born in 1969 and was 41 years old on the amended alleged date of disability onset of December 29, 2010 (*see* Tr. 43, 202, 204). Plaintiff went to college four separate times but did not finish because she would "crash and burn" (Tr. 49). Plaintiff has work experience as a retail clerk and customer service representative (Tr. 222-24). Plaintiff's last work was writing computer games. She was able to complete the first contract, but unable to complete the second (Tr. 54).

According to the ALJ, plaintiff has at least the severe impairments of "major depressive disorder; posttraumatic stress disorder (PTSD); [and] fibromyalgia (20 CFR 416.920(c))" (Tr. 20).

At the time of the hearing, plaintiff was living with her family which included her mother, stepfather, sister, two nieces and a niece's baby (Tr. 52).

## PROCEDURAL HISTORY

Plaintiff's applications for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and

following reconsideration (*see* Tr. 121-135, 139-150, *see also* Tr. 202-203, 204-209). Plaintiff's requested hearing was held before Administrative Law Judge Scott R. Morris ("the ALJ") on May 9, 2013 (*see* Tr. 35-73). At the hearing the DIB claims were dismissed and the alleged onset date for the SSI claim was amended to December 29, 2010 (Tr. 43). On June 12, 2012, the ALJ issued a written decision in which he concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* Tr.15-34).

Defendant summarizes the issues raised by plaintiff in her Opening Brief as follows:   (1) Did the ALJ provide valid reasons for the weight the ALJ assigned to the medical opinions of Terilee Wingate, Ph.D.; (2) Did the ALJ provide germane reasons for the weight the ALJ assigned to the opinion of Marne Nelson, A.R.N.P. and valid reasons for the weight the ALJ assigned to the Global Assessment of Functioning (GAF) scores; (3) Is the ALJ's decision supported by substantial evidence notwithstanding the new evidence that was submitted to the Appeals Council after the ALJ's decision; (4) Is the ALJ's finding at step two supported by substantial evidence and free from prejudicial legal error; (5) Did the ALJ provide valid reasons for discounting plaintiff's subjective complaints; (6) Is the ALJ's finding at step five that plaintiff can perform other  work, such as a Janitor, Cleaner II and Laundry Worker II, supported by substantial evidence and free from prejudicial legal error; and (7) If remand is warranted, what is the appropriate remand order (*see* ECF No. 20, p. 2). Because the Court concludes that the fourth issue raised is dispositive, the Court will begin with that issue.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**(1) Is the ALJ's finding at step two supported by substantial evidence and free from prejudicial legal error?**

Here, plaintiff contends that the ALJ erred by not finding certain diagnosed impairments to be severe impairments, such as her obesity, borderline personality disorder, ADHD, and her Asperger's Syndrome (*see* Opening Brief, ECF No. 19, pp. 9-11). Defendant contends that there is no error because, "as the ALJ acknowledged - any limitations were considered" and because plaintiff has not "described any functional limitations stemming from obesity" (*see* Response, ECF No. 20, pp. 16-18).

Step-two of the administration's evaluation process requires the ALJ to determine if the claimant "has a medically severe impairment or combination of impairments." *Smolen v. Chater*, 80 F.3d 1273, 1289-90 (9th Cir. 1996) (citation omitted); 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii) (1996). The step-two analysis is "a *de minimis* screening device to dispose of groundless claims," when the disability evaluation process ends at step two. *Id.* at 1290 (*citing Bowen v. Yuckert*, 482 U.S. 137, 153-54 (1987)). An

impairment is "not severe" if it does not "significantly limit" the ability to conduct basic work activities.  20 C.F.R. §§ 404.1521(a), 416.921(a).

The ALJ failed to acknowledge plaintiff's obesity and there is no evidence in the record that the ALJ considered plaintiff's obesity when evaluating her claim.

Plaintiff is approximately 5'9" tall and 291 pounds (*see* Tr. 445; *see also* Tr. 441, 443). At plaintiff's Body Mass Index [BMI] of 43, this indicates that she was obese. *See e.g.*, http://www.nhlbi.nih.gov/guidelines/obesity/BMI/bmicalc.htm (last visited June 25, 2014). Although the ALJ "need not discuss *all* evidence presented," in this case, the ALJ should have explained why the "significant probative evidence [of plaintiff's obesity] has been rejected." *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (per curiam) (*quoting Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981)). Although obesity requires a BMI of 30, plaintiff's BMI of 43 renders her obesity "extreme," according to the National Institutes of Health guidelines. *See, e.g.*, https://www.nhlbi.nih.gov/guidelines/obesity/bmi_tbl.pdf (last visited June 25, 2014).

In addition, according to Social Security Ruling, "SSR," 02-01p, the Administration "consider[s] obesity to be a medically determinable impairment and remind[s] adjudicators to consider its effects when evaluation disability . . . . [ALJs are] to consider the effects of obesity not only under the listings but also when assessing a claim at other steps of the sequential evaluation process." 2002 SSR LEXIS 1 at *2-*3 (2002).

Again, no evidence exists that this was done.

Although "Social Security Rulings do not have the force of law, [n]evertheless, they constitute Social Security Administration interpretations of the statute it administers and of its own regulations." *See Quang Van Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989) (*citing Paxton v. Sec. HHS*, 865 F.2d 1352, 1356 (9th Cir. 1988)) (internal citation and footnote omitted). As stated by the Ninth Circuit, "we defer to Social Security Rulings unless they are plainly erroneous or inconsistent with the [Social Security] Act or regulations." *Id.* (*citing Chevron USA, Inc. v. NRDC, Inc.*, 467 U.S. 837, 842-45 (1984); *Paxton, supra*, 865 F.2d at 1356).

The Court also notes that according to Social Security Ruling ("SSR") 02-1p,

> [An ALJ] will not make assumptions about the severity or functional effects of obesity combined with other impairments. Obesity in combination with another impairment may or may not increase the severity or functional limitations of the other impairment. [The ALJ] will evaluate each case based on the information in the case record.

2002 WL 34686281, 2002 SSR LEXIS 1 at *15. This Ruling is not plainly erroneous or inconsistent with the Social Security Act, therefore, the ALJ should have abided by it. It is for the ALJ to "evaluate each case based on the information in the case record" regarding whether or not plaintiff's obesity increased the severity or functional limitations of her impairments, not for this Court in the first instance.

As noted, there is nothing in the ALJ's decision that indicates that he took plaintiff's obesity into consideration when evaluating her claim. Therefore, the ALJ obviously did not analyze how plaintiff's obesity impacts her alleged limitations from pain, or her alleged limitations from depression. Importantly, the ALJ did not consider

how plaintiff's obesity affects her RFC. Therefore, the ALJ failed to abide by Social Security Ruling [SSR] 02 – 1p.

The ALJ's failure to discuss the significant probative evidence of plaintiff's extreme obesity affects the ALJ's findings regarding plaintiff's ability to function in the workplace and plaintiff's RFC. For example, although the ALJ analyzed plaintiff's alleged pain from fibromyalgia, because the ALJ failed to examine how plaintiff's extreme obesity impacts her pain, or causes her pain, such findings regarding plaintiff's pain are not supported by substantial evidence in the record as a whole. Similarly, although the ALJ did not credit fully plaintiff's alleged limitations from depression, any impact from obesity was not considered.

Therefore, the Court concludes that the ALJ's failure to discuss the significant probative evidence of plaintiff's extreme obesity is not harmless error.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The Ninth Circuit noted that "in each case we look at the record as a whole to determine [if] the error alters the outcome of the case." *Molina*, *supra*, 674 F.3d at 1115. The court also noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* (quoting *Carmickle v. Comm'r Soc. Sec.*

*Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted). The court noted the necessity to follow the rule that courts must review cases "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Id.* at 1118 (*quoting Shinsheki v. Sanders*, 556 U.S. 396, 407 (2009) (*quoting* 28 U.S.C. § 2111) (codification of the harmless error rule)).

The ALJ's failure to recognize plaintiff's extreme obesity resulted in a failure to consider the impact of plaintiff's extreme obesity on her pain and her depression, and ultimately on her RFC. Therefore, this matter must be reversed and remanded for consideration of plaintiff's obesity and effects of plaintiff's obesity on her ability to function the workplace.

The Court also notes that when making his step two determination, the ALJ included the following discussion:

> Additionally, the record contains a number of different mental impairment diagnoses for the same set of symptoms that include, but are not limited to, anxiety, attention deficit hyperactivity disorder, and Asperger's syndrome. However, regardless of the exact diagnosis, all of the claimant's symptoms have been considered.

(Tr. 21).

In this context of discussing plaintiff's impairments, the ALJ does not mention plaintiff's diagnosis of borderline personality disorder (*see id.*). Although defendant contends that there was no error because the ALJ considered all alleged symptoms and all limitations were considered, the Court concludes that excluding impairments such as borderline personality disorder, ADHD and Asperger's syndrome is not necessarily a

harmless error simply because the ALJ found major depressive disorder and posttraumatic stress disorder, along with fibromyalgia, to be severe impairments (*see* Tr. 20-21). Dr. Terilee Wingate, Ph.D. diagnosed borderline personality disorder following examination and assessed marked limitations (*see* Tr. 383-84). The ALJ's presumption that this impairment encompassed the same set of symptoms as plaintiff's major depressive disorder and PTSD is not based on substantial evidence in the record. Plaintiff's diagnosis of borderline personality disorder supports the opinion from examining doctor, Dr. Wingate, that plaintiff suffered from some marked limitations in social functioning, an opinion rejected by the ALJ.

All of plaintiff's impairments, including obesity, borderline personality disorder, ADHD, and Asperger's syndrome, should be assessed explicitly by the ALJ following remand of this matter, including the effects of each on plaintiff's RFC.

**(2) Did the ALJ provide valid reasons for the weight the ALJ assigned to the medical opinions of Terilee Wingate, Ph.D.?**

The Court has concluded that this matter should be reversed and remanded due to the ALJ's errors at step two of the sequential disability evaluation, including failure to consider explicitly the severity of plaintiff's diagnosed impairment of borderline personality disorder, *see supra*, section 1. As further consideration of the medical evidence is required, and as Dr. Wingate specifically diagnosed plaintiff with borderline personality disorder and analyzed this impairment with respect to functional limitations, the Court concludes that the opinions of Dr. Wingate should be evaluated anew following remand of this matter.

(3) **Did the ALJ provide germane reasons for the weight the ALJ assigned to the opinion of Marne Nelson, A.R.N.P. and valid reasons for the weight the ALJ assigned to the Global Assessment of Functioning (GAF) scores**?

Similarly, the other medical evidence provided by lay source Ms. Nelson, as well as the GAF scores, should be assessed anew following remand of this matter in the context of the evaluation of the medical evidence.

**(4) Did the ALJ provide valid reasons for discounting plaintiff's subjective complaints?**

The Court already has concluded that the ALJ erred at step two when reviewing the medical evidence and that this matter should be reversed and remanded for further consideration, *see supra*, section 1. In addition, a determination of a claimant's credibility relies in part on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c). Therefore, for this reason, plaintiff's credibility should be assessed anew following remand of this matter.

**(5) Is the ALJ's finding at step five that plaintiff can perform other work, such as a Janitor, Cleaner II and Laundry Worker II, supported by substantial evidence and free from prejudicial legal error?**

Similarly, plaintiff's RFC and the step five findings, as necessary, must be evaluated anew following remand of this matter.

**(6) Whether this matter should be reversed and remanded for further administrative proceedings or with a direction to award benefits?**

Generally, when the Social Security Administration does not determine a claimant's application properly, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v.*

*Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit has put forth a "test for determining when [improperly rejected] evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (*quoting Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). It is appropriate when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Harman, supra,* 211 F.3d at 1178 (*quoting Smolen*, *supra*, 80 F.3d at 1292).

Here, outstanding issues must be resolved. *See Smolen, supra*, 80 F.3d at 1292. The extent of plaintiff's social limitations needs to be fully determined and plaintiff's obesity, and the affects of plaintiff's obesity on her ability to function in the workplace, needs to be analyzed in the first instance by the Administration. In addition, the new evidence presented to the Appeals Council does not support the ALJ's finding that plaintiff's condition improved. Remand will allow the Administration the opportunity to consider all of the evidence, including the new evidence, before making a final decision regarding this matter. Furthermore, the decision whether to remand a case for additional evidence or simply to award benefits is within the discretion of the court. *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989) (*citing Varney v. Secretary of HHS*, 859 F.2d 1396, 1399 (9th Cir. 1988)).

CONCLUSION

The ALJ erred at step two of the sequential disability evaluation process by failing to consider the significant probative evidence of plaintiff's obesity and determine the effects of plaintiff's obesity on her ability to function in a work environment. Other issues require further evaluation and the new evidence should be evaluated in full.

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 26th day of June, 2014.

J. Richard Creatura
United States Magistrate Judge