1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10  DEIRDRE M. BROOKS,

11              Plaintiff,

12      v.

13  CAROLYN W COLVIN, Acting
    Commissioner of the Social Security
14  Administration,

15              Defendant.

CASE NO. 3:13-cv-05797 JRC

ORDER GRANTING MOTION FOR
ATTORNEY'S FEES PURSUANT
TO 42 U.S.C. § 406(b)

16

17          This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local

18  Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge

    and Consent Form, Dkt. 5; Consent to Proceed Before a United States Magistrate Judge, Dkt. 6).

19  This matter is before the Court on plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. §

20  406(b) (*see* Dkt. 28). The defendant agrees that the Court should award some fees, but requests

21  that plaintiff's attorney be awarded a lesser amount (*see* Dkt. 29, p. 1).  This matter has been

22  fully briefed (*see* Dkt. 28, 29, 30, 31).

23

24

1    Defendant's reasoning as to why plaintiff's attorney's fees should be reduced relies solely

2    on her argument that the calculation of the past-due benefits is erroneous, which both parties

3    agree that it is, at least with respect to use of this amount for determination of attorney's fees.

4    Defendant contends that the amount should be reduced by two months, while plaintiff contends

5    that it should be reduced by one month. The parties dispute the meaning of the phrase

6    "determination or decision," as discussed in the relevant federal regulation, 20 C.F.R. §

7    416.1503. According to this regulation, past-due benefits are the "total amount of payments  . . .

8    . that has accumulated to [a claimant] because of a favorable administrative or judicial

9    determination or decision, up to but not including the month the determination or decision is

10   made. *Id.*

11    The federal regulation is ambiguous because there actually are two relevant

12   determinations or decisions: the decision that a claimant meets the medical requirements to

13   receive Supplemental Security Income ("SSI"); and the determination of financial eligibility --

14   both of which must be met before a claimant accumulates any payments. This issue is resolved

15   herein by noting that in SSI only cases, Title XVI cases, there is not a final determination as to

16   the allowance of benefits until the financial eligibility is determined, which occurs after the

17   decision regarding disability. Therefore, although it is true that the past due benefits amount is

18   off by one month, as acknowledged by plaintiff, it is not off by two months, as contended by

19   defendant.

20    Therefore, the proper retroactive award for purposes of determination of attorney's fees is

21   $46,830.00 -- 25% of which is $11,707.50. After subtracting the EAJA award of $6,552.12,

22   plaintiff should be awarded a net 406(b) attorney's fee award of $5,155.38, as discussed further

23   herein.

24

**STANDARD**

1       The Court may allow a reasonable fee for an attorney who represented a Social Security

claimant before the Court and obtained a favorable judgment, as long as such fee is not in excess

of 25 percent of the total of past-due benefits. *See* 42 U.S.C. § 406(b)(1); *Grisbrecht v. Barnhart*,

535 U.S. 789 (2002). When a contingency agreement applies, the Court will look first to such

agreement and will conduct an independent review to assure the reasonableness of the fee

requested, taking into consideration the character of the representation and results achieved. *See*

*Grisbrecht, supra*, 535 U.S. at 807, 808 (footnote omitted) (citations omitted). Although the fee

agreement is the primary means for determining the fee, the Court will adjust the fee downward

if substandard representation was provided, if the attorney caused excessive delay, or if a

windfall would result from the requested fee. *See Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th

Cir. 2009) (*citing Grisbrecht, supra*, 535 U.S. at 808).

**DISCUSSION**

       Here, the representation was standard, at least, and the results achieved excellent (*see*

Dkt. 28, Attachment 3). *See Grisbrecht, supra*, 535 U.S. at 808.  Following stipulated remand

from this Court and a second administrative hearing, an Administrative Law Judge awarded

benefits to plaintiff (*see id.*, Attachments 2, 3).  There has not been excessive delay and no

windfall will result from the requested fee. The parties do not dispute these findings.

       However, the parties disagree as to the amount that should be utilized when determining

the amount of attorney's fees allowable. Generally, this is termed the past due benefits amount.

However, the amount of past due benefits that should be utilized for purposes of determining the

proper amount of attorney's fees is disputed, as both parties agree that the local Social Security

Administration ("SSA") office included the month of July, 2016, where the relevant federal

1   regulation requires that the retroactive reward be determined through June, 2016, at the latest.

2   The parties disagree as to whether or not the amount of the award for June, 2016 should be

3   included.

4          Plaintiff originally requested a net attorney's fee of $5,338.63, but amended this request

5   to a net award of $5,155.38, after subtracting $183.25, which represents 25% of the $733.00 that

6   was awarded to plaintiff for the month of July, 2016 (Dkt. 28, p. 1; Dkt. 31, p. 6). Defendant

7   contends that plaintiff's award for attorney's fees, while warranted, should be reduced and that

8   plaintiff should be awarded $4,972.13, which would reflect a reduction of a further $183.25,

9   representing 25% of the $733 that was awarded for the month of June, 2016 (Dkt. 29, pp. 1-4).

10         Defendant's argument is based on defendant's interpretation of 20 C.F.R. § 416.1503,

11   which indicates, in part, that past-due benefits are:

12         the total amount of payment under Title XVI of the Act, the Supplemental
           Security Income (SSI) program, including any Federally administered State
13         payments, that has accumulated to you and your spouse because of a favorable
           administrative or judicial determination or decision, up to but not including the
14         month the determination or decision is made.

15   20 C.F.R. § 416.1503.

16         Plaintiff contends that defendant has misunderstood the difference between Title II and

17   Title XVI (Dkt. 31, p. 2). Plaintiff contends that although it is true, as noted by defendant, "that

18   '[o]n June 23, 2016, [the Administration] made our decision  .  .  .  .  that [plaintiff met] the

19   medical requirements to receive SSI," (Dkt. 29, p. 3 (citing Dkt. 28-3, p. 1)), it was not until

20   July, 2016, that "SSA's financial eligibility determination was issued  .  .  .  ." (Dkt. 31, pp. 2-3).

21   Plaintiff contends that if this case was "a Title II case based on plaintiff's earnings, then the

22   Commissioner would be correct in arguing that June and July should be excluded from the total

23   of the past-due benefits" (*id.*, p. 3). However, plaintiff contends that in this case, where the ALJ

24

ORDER GRANTING MOTION FOR
ATTORNEY'S FEES PURSUANT TO 42 U.S.C. §
406(B) - 4

1   "issues an 'SSI only' decision, that decision is not the relevant 'decision or determination' that

2   marks the time period for determining past-due benefits" (*id.*). Plaintiff argues that "[t]his is

3   because when an ALJ makes a decision on an 'SSI only' case, the ALJ decides only if the

4   claimant is 'disabled' [and] [t]he ALJ does not make a determination of financial eligibility"

5   (*id.*). As noted by plaintiff, the determination regarding "financial eligibility is made by the local

6   SSA office --- after the ALJ issues his or her 'disability' decision" (*id.*). Plaintiff contends that it

7   is this determination of financial eligibility that is the "determination or decision" referenced in

8   20 C.F.R. § 416.1503, which, in this case, "is the July 20, 2016, Notice of Award determination

9   made by the local SSA office after considering the claimant's income and resources during the

10  period covered by the ALJ's 'disability' decision" (*id.*). Plaintiff's argument is persuasive.

11        Although defendant contends that the Administration's interpretation of the meaning of

12  the past-due benefits, as set forth in the relevant regulation, 20 C.F.R. § 416.1503, is entitled to

13  *Chevron* deference, this regulation is ambiguous regarding which "determination or decision" is

14  the one that should be utilized when determining past-due benefits (Dkt. 29, p. 2 (citing *Chevron*

15  *U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984))). There are two

16  relevant determinations or decisions: first, there is the decision that plaintiff met "the medical

17  requirements to receive SSI," as noted by defendant (Dkt. 29, p. 3 (citing Dkt. 28-3, p. 1)).

18  However, before plaintiff is entitled to receive any benefits, as noted by plaintiff, there remains

19  the determination of financial eligibility, which is made by the local SSA office, which was

20  made in this case in July, 2016 (Dkt. 31, p. 3).

21        Based on the explicit text of the relevant regulation, the Court concludes that the relevant

22  "determination or decision" in an "SSI only" Title II case is the final determination of financial

23  eligibility. The relevant federal regulation indicates explicitly that past-due benefits are the

24

1    amount of payments "that has *accumulated* . . . . because of a favorable administrative or

2    judicial determination or decision . . . ." 20 C.F.R. § 416.1503 (emphasis added). When the

3    ALJ makes a determination regarding whether or not a claimant has met the medical

4    requirements, no amount of payments "has accumulated." *Id*. That is because if the subsequent

5    determination of whether or not the claimant meets the financial eligibility is not favorable to a

6    claimant, such claimant will not receive any payments. Therefore, no amount of payments

7    accumulates until the second determination regarding financial eligibility is made.

8          This conclusion is buttressed by the Program Operating Manual System ("POMS"),

9    although the Court notes that the POMS does not impose judicially enforceable duties against the

10   Administration, as correctly noted by defendant (Dkt. 29, pp. 2-3 (citing *Lowry v. Barhnart*, 329

11   F.3d 1019, 1023 (9th Cir. 2003) (citation omitted))). As noted by plaintiff, although the POMS

12   conflicts with the relevant federal regulation in part, the POMS separately indicates that past-due

13   benefits are the amount of payments that accrues "through the month of effectuation," where the

14   month of effectuation is "the calendar month SSA certifies that all evidence necessary to begin

15   payment is present," that is, the month during which the financial eligibility determination by the

16   local SSA office is made (Dkt. 31, pp. 4-5 (citing POMS,

17   https://secure.ssa.gov/poms.nsf/lnx/0203940007, last visited September 29, 2016); *see also* GN

18   03920.030D, available at https://secure.ssa.gov/poms.nsf/lnx/0203920030#d, last visited

19   September 29, 2016).

20         Plaintiff concedes that the original request for attorney's fees was off by one month (Dkt.

21   31, p. 6). Plaintiff requests a gross award of $11,707.50, from which should be subtracted the

22   EAJA award of $6,550.12, thus resulting in a requested net award of $5,155.38 (*id.*).

23

24

ORDER GRANTING MOTION FOR
ATTORNEY'S FEES PURSUANT TO 42 U.S.C. §
406(B) - 6

1    Plaintiff's total back payment was noted to be $47,563.00 (*see* Dkt. 28, Attachment 3, p.

2    2), however after deduction of $733 for the one month (July), the correct retroactive award for

3    determination of fees is $46,830.00. Twenty-five percent of this is $11,707.50.  Plaintiff has

4    moved for a net attorney's fee of $5,155.38 (*see* Motion, Dkt. 28, p. 1; Reply Supplement, Dkt.

5    31, p. 6), and the Court has considered plaintiff's gross attorney's fee of $11,707.50; and the

6    EAJA award received by plaintiff's attorney in the amount of $6,552.12; *Parish v. Comm'r. Soc.*

7    *Sec. Admin.*, 698 F.3d 1215, 1221 (9th Cir. 2012).

8                                        **CONCLUSION**

9    Based on the above, it is hereby ORDERED that attorney's fees in the amount of

10   $5,155.38 be awarded to plaintiff's attorney pursuant to 42 U.S.C. § 406(b), minus any

11   applicable processing fees as allowed by statute. After plaintiff's attorney's fees have been

12   awarded, any remaining funds held by the Social Security Administration should be released

13   directly to plaintiff.

14   Dated this 30th day of September, 2016.

15

16

17   J. Richard Creatura
     United States Magistrate Judge

18

19

20

21

22

23

24

ORDER GRANTING MOTION FOR
ATTORNEY'S FEES PURSUANT TO 42 U.S.C. §
406(B) - 7